OPINION. *Page 2 
{¶ 1} Defendant-appellant Jerome Kinebrew appeals his conviction for involuntary manslaughter, in violation of R.C. 2903.04(A). Originally indicted for murder, Kinebrew entered a plea of guilty to the lesser offense of involuntary manslaughter. Pursuant to Crim.R 11(C), the trial court conducted a thorough colloquy with Kinebrew to ensure that his plea had been made knowingly, intelligently, and voluntarily. The trial court accepted the plea, found Kinebrew guilty, and imposed a nine-year term of imprisonment.
 {¶ 2} In his sole assignment of error, Kinebrew contends that the trial court erred in accepting his guilty plea in violation of his right to a jury trial guaranteed by the federal and Ohio constitutions.[1]
Relying upon dicta in State v. McCann,[2] Kinebrew alleges that because he did not sign a jury waiver, as required by RC. 2945.05, his plea was not effective.
 {¶ 3} This argument was rejected two years after McCann, in State v.West, where this court held that a plea of guilty by an accused constitutes a waiver of his right to a jury trial.[3] The mandates of R.C. 2945.05, requiring the filing of a written waiver of a trial by jury, are not applicable when an accused enters a plea of guilty.[4]
Thus, a written jury waiver is not required before a guilty plea may be accepted.
 {¶ 4} Moreover, the record demonstrates that Kinebrew was aware that, by entering a guilty plea, he was waiving his right to a jury trial, as evidenced by the guilty-plea *Page 3 
form he had signed and by the colloquy conducted by the trial court. The assignment of error is without merit.
 {¶ 5} Therefore, the trial court's judgment is affirmed.
Judgment affirmed.
SUNDERMANN, P. J., and HILDEBRANDT, J., concur.
[1] See Sixth Amendment to the United States Constitution; Section 5, Article I, Ohio Constitution.
[2] (1997), 120 Ohio App.3d 505, 508, 698 N.E.2d 470 ("We note that the absence of a written jury waiver would require reversal even if the trial judge had complied with Crim.R. 11, * * *.").
[3] See (1999), 134 Ohio App.3d 45, 51, 730 N.E.2d 388; see, also,State v. Abney, 8th Dist. No. 84190, 2006-Ohio-273, at ¶ 13-15;State v. Schofield (Dec. 10, 1999), 4th Dist. No. 99 CA 10.
[4] See Martin v. Maxwell (1963), 175 Ohio St. 147,191 N.E.2d 838. *Page 1