[Cite as *State v. McLendon*, 2017-Ohio-1399.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO                    :           APPEAL NO. C-160267
                                             TRIAL NO. 14CRB-21816
    Plaintiff-Appellee,         :

 vs.                              :

                                             *O P I N I O N.*
JAYDRA MCLENDON,                 :

    Defendant-Appellant.        :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  April 14, 2017


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Heidi Rosales*, Appellate Director and First Trial Attorney, for Plaintiff-Appellee,

*Charles E. McFarland*, for Defendant-Appellant.

ZAYAS, JUDGE.

{¶1} Jaydra McLendon appeals from a conviction for aggravated menacing following a bench trial. Because we conclude that the entry is not a final appealable order, this court lacks jurisdiction to consider McLendon's appeal, and therefore, dismisses it.

## Factual and Procedural Posture

{¶2} This is the second appeal in this case. In the first appeal, we found the trial court erred in amending a conviction for aggravated menacing, a misdemeanor of the first degree, to a menacing conviction, a misdemeanor of the fourth degree. *State v. McLendon*, 1st Dist. Hamilton No. C-150165 (October 7, 2015). We vacated the menacing conviction and remanded the cause with instructions to the court to sentence McLendon for the aggravated-menacing conviction. *Id.*

{¶3} At the resentencing hearing, the trial court denied McLendon's "Motion for Leave to File a Motion for a New Trial" and sentenced McLendon to 30 days in jail, suspended the 30 days, imposed a $240 fine plus courts costs, placed her on community control for one year, and ordered her to complete an anger-management course. McLendon filed her appeal within 30 days of the resentencing entry, raising four assignments of error. McLendon contends the trial court erred in finding her guilty, in sentencing her, and in denying her motion for a new trial. She also contends she was denied a fair trial due to the ineffective assistance of trial counsel.

{¶4} Before reaching the merits, this court must determine whether the entry constitutes a final appealable order. The Ohio Constitution limits an appellate court's jurisdiction to review of final appealable orders. Ohio Constitution, Article IV,

Section 3(B)(2); R.C. 2505.02. If an order is not a final appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed. *State v. Daniels*, 1st Dist. Hamilton No. C-140242, 2014-Ohio-5160, ¶ 5, citing *Whitacre-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1971).

{¶5}  A judgment of conviction in a criminal case is a final appealable order, as it " 'affects a substantial right' and 'determines the action and prevents a judgment' in favor of the defendant" under R.C. 2505.02(B). *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 9. To constitute a final order, the trial court must comply with Crim.R. 32(C) in entering the order. *Id.* at ¶ 10.

{¶6}  The *Baker* court held that a judgment of conviction is a final appealable order when it sets forth: (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. *Id.* at syllabus. The Ohio Supreme Court explained that Crim.R. 32(C) required a trial court to "sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea * * *, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." *Id.* at ¶ 14. Further, only one document can constitute a final appealable judgment of conviction. *Id.* at ¶ 17.

{¶7}  In 2011, the Ohio Supreme Court modified *Baker*. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph two of the syllabus. The judgment of conviction must now set forth "the fact of the conviction" and no longer requires the manner of conviction to be a final order. *Id.* The document McLendon has appealed from sets forth the sentence and the judge's signature. However, the entry does not include the fact of conviction. Although the trial court's December 8, 2014 entry included the fact of conviction, the Ohio Supreme Court has

held that allowing multiple documents to constitute a final appealable order violates Crim.R. 32(C). *See Baker* at ¶ 17.

{¶8}    Therefore, because the judgment entry McLendon appeals from does not contain the fact of conviction, it is not a final appealable order.  Accordingly, we dismiss her appeal for lack of jurisdiction.  *See* Ohio Constitution, Article IV, Section 3(B)(2); *see also* R.C. 2505.02.

Appeal dismissed.

**CUNNINGHAM, P.J.,** and **MYERS, J.,** concur.

Please note:
The court has recorded its own entry the date of the release of this opinion..