[Cite as *State v. Arszman*, 2017-Ohio-7581.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160689 |
| | | TRIAL NO. B-1205912 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| TOBY ARSZMAN, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  September 13, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Christine Y. Jones*, Assistant Public Defender, for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1}   In 2013, defendant-appellant Toby Arszman pleaded guilty to gross sexual imposition, in violation of R.C. 2907.05(A)(1).   He was sentenced to 17 months' incarceration and classified as a Tier II sex offender under Ohio's version of the Adam Walsh Act.   On appeal, the state conceded that the trial court had improperly classified Arszman as a Tier II sex offender.   We remanded the cause for the trial court "to classify Arszman as a Tier I sex offender." *See State v. Arszman*, 1st Dist. Hamilton No. C-130133, 2014-Ohio-2727.   The trial court never carried out our order on remand.

{¶2}   On August 9, 2016, after Arszman was released from prison, he filed a "Motion to Vacate Tier I Sex Offender Classification," arguing that because the trial court had failed to journalize an entry classifying him as a Tier I sex offender, and he had been released from prison, the trial court had no authority to classify him as a sex offender.

{¶3}   The trial court overruled Arszman's motion.   Arszman has appealed. We point out that the trial court has never entered an order classifying Arszman as a Tier I sex offender; therefore, there is no order in place requiring Arszman to register as a sex offender.

### Sex-Offender Notification

{¶4}   Arszman's sole assignment of error alleges that the trial court erred "when it refused to grant [Arszman's] motion to vacate his Tier I sex offender classification."   Arszman argues that the trial court has no authority to classify him as a Tier I sex offender because he has been released from prison.   Arszman argues that he was never properly notified of his Tier I classification and registration requirements prior to his release from prison.   He contends that because tier sex-

offender registration requirements are punitive, *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 15, 20 (following the enactment of Senate Bill 10, R.C. Chapter 2950 is punitive), tier sex-offender notification should be subject to the same standard applied in postrelease control—that the court is without authority to notify the offender of and impose sex-offender registration requirements once the offender has served the prison term for that offense. Arszman cites to *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382 (the trial court does not have the authority to resentence the defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense), and *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254 (any correction of a sentence that is void for failure of the trial court to comply with the statutory mandates concerning postrelease control must be accomplished before the offender is released from prison).

{¶5} Arszman also cites to our opinion in *State v. Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111. Rucker was convicted in 2011 of unlawful sexual conduct with a minor. We affirmed his conviction on appeal, but noted that the trial court had incorrectly classified Rucker as a Tier III sex offender. We remanded the cause for the trial court to "amend its judgment entry to reflect that Rucker is a Tier II sex offender." The trial court never carried out our order on remand. After Rucker was released from prison, he filed in the trial court a motion "for relief from sanctions," arguing that because he had been released from prison, the trial court had no authority to classify him as Tier II sex offender. The trial court overruled Rucker's motion, determining that it was bound by our order of remand to modify Rucker's sex-offender classification to Tier II. The court stated that Rucker's classification would be modified by a separate entry to Tier II, but the court never

3

entered an order modifying Rucker's classification. We noted that there was no order in place requiring Rucker to register as a sex offender. We reversed the portion of the trial court's entry overruling Rucker's motion on the basis that it was bound by our order of remand to classify Rucker as Tier II sex offender, but we affirmed the judgment in all other respects and we remanded the cause to the trial court for it to determine whether it had the authority to notify Rucker of and impose upon him Tier II sex-offender registration requirements after he had been released from his term of imprisonment.

{¶6} Arszman is in the same position as Rucker. The trial court never journalized an entry classifying Arszman as a Tier I sex offender. Arszman's assignment of error is overruled, because the trial court has never entered an order classifying Arszman as a Tier I sex offender, and therefore, there is no order in place requiring Arszman to register as a sex offender and no classification to vacate. But, on the authority of *Rucker*, we remand this cause to the trial court for it to determine whether it has the authority to notify Arszman of and impose upon him Tier I sex-offender registration requirements after he has been released from his term of imprisonment.

### Conclusion

{¶7} The judgment of the trial court overruling Arszman's motion is affirmed. We remand this cause to the trial court for it to determine whether it has authority to notify Arszman of and impose upon him Tier I sex-offender registration requirements.

Judgment affirmed and cause remanded.

**MOCK, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry this date.

