[Cite as *State v. Hildebrand*, 2018-Ohio-2962.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                 :          APPEAL NO. C-150046
                                          TRIAL NO. B-1405941
    Plaintiff-Appellee,        :

 vs.                           :          *O P I N I O N.*

ROGER HILDEBRAND,              :

    Defendant-Appellant.       :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  July 27, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of John D. Hill, Jr., LLC,* and *John D. Hill, Jr.,* for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} On September 8, 2014, defendant-appellant Roger Hildebrand pleaded no contest to and was convicted of misdemeanor sexual imposition in violation of R.C. 2907.06, a Tier I offense under Ohio's version of the Adam Walsh Act ("AWA"). The trial court imposed, and then credited him with, 25 days' confinement. The municipal court's sentencing entry did not include a Tier I sex-offender classification. And no "Explanation of Duties to Register as a Sex Offender or Child Victim Offender" form was journalized. Hildebrand did not appeal that conviction.

{¶2} Hildebrand registered with the Hamilton County Sheriff as a Tier I sex offender on September 11, 2014. He was subsequently indicted for failing to notify the sheriff of an address change in violation of R.C. 2950.05. At trial on the failure-to-notify charge, the state introduced as exhibits the municipal court's sheet memorializing Hildebrand's September 8, 2014 sexual-imposition conviction and an "Explanation of Duties" form, signed by Hildebrand on September 8, 2014, but not journalized, acknowledging his status as a "Tier I" sex offender.

{¶3} Hildebrand was found guilty of the failure-to-notify charge, and on January 8, 2015, he was sentenced to three years' community control. Hildebrand appealed his failure-to-notify conviction, raising one assignment of error that challenged the sufficiency of the evidence. We overruled the assignment of error and affirmed his conviction. *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046 (Jan. 22, 2016).

{¶4} On May 18, 2016, Hildebrand filed a motion to reopen his appeal, arguing that his appellate counsel was ineffective for failing to raise an assignment of error challenging the trial court's authority to convict him of failing to notify the sheriff of an address change where there was no order in place requiring him to

register as a sex offender. We granted Hildebrand's motion, concluding that the proposed assignment of error, had it been raised on appeal, would have presented a reasonable probability of success, and therefore, he had demonstrated a genuine issue as to whether he had a colorable claim of ineffective assistance of counsel on appeal. Hildebrand has raised two assignments of error in his reopened appeal.

{¶5} Hildebrand's first assignment of error alleges that his "conviction for failing to provide notice of residence address change was contrary to law, as he was under no legal duty to register as a Tier I sex offender." Hildebrand argues that because the trial court failed to include the Tier I sex-offender classification in its sentencing entry for the sexual-imposition offense, it did not properly impose the Tier I sex-offender classification as a part of his sentence; therefore, he is under no legal obligation to register as a sex offender, and his conviction for failing to provide notice of an address change was contrary to law.

{¶6} The registration and verification requirements of the AWA are punitive. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. They are part of the penalty imposed for the offense. *State v. Thomas*, 2016-Ohio-501, 56 N.E.3d 432, ¶ 7 (1st Dist.); *State v. Lawson*, 1st Dist. Hamilton Nos. C-120067 and C-120077, 2012-Ohio-5281, ¶ 12; *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6. "[A] sentence is a sanction or combination of sanctions imposed for an individual offense, and incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 6. Tier classification under the AWA is a type of sanction that may be imposed for an offense. *See Williams*.

{¶7} A trial court speaks through its journal entries. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 30; *State v. Lewis*, 1st Dist.

Hamilton No. C-160909, 2018-Ohio-1380, ¶ 9; *State v. Kirkpatrick*, 2017-Ohio-7629, 97 N.E.3d 871, ¶ 16 (1st Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29; *State v. Hafford*, 1st Dist. Hamilton No. C-150578, 2016-Ohio-7282, ¶ 10. "A sanction is imposed by the sentencing entry, not by what is said on the record during the sentencing hearing." *State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 26 (12th Dist.), citing *Bonnell* at ¶ 299.

{¶8}   In *State v. Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185, ¶ 31 and 48 ("*Rucker I*"), we held that a judgment convicting the defendant of an offense that subjects him to the AWA's registration and notification requirements must accurately reflect his tier classification. In *Rucker*, the trial court's judgment of conviction erroneously stated that Rucker was subject to Tier III registration requirements, when his offense actually subjected him to Tier II requirements. We remanded the cause for the trial court to amend the judgment of conviction to reflect that Rucker was a Tier II sex offender. We reaffirmed that the proper tier classification must be included in the judgment of conviction in *State v. Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111, ¶ 11, *appeal not allowed*, 148 Ohio St.3d 141, 2017-Ohio-573, 69 N.E.3d 751 ("*Rucker II*"), holding that where the proper tier classification is not included in the judgment of conviction "there is no order in place requiring [the defendant] to register as a sex offender."

{¶9}   In *State v. Arszman*, 1st Dist. Hamilton No. C-160698, 2017-Ohio-7581, ¶ 6 ("*Arszman II*"), we again affirmed that in the absence of a proper tier classification in the judgment of conviction, "there is no order in place requiring [the defendant] to register as a sex offender." In Arszman's first appeal, *State v. Arszman*, 1st Dist. Hamilton No. C-130133, 2014-Ohio-2727 ("*Arszman I*"), the state conceded that the trial court had improperly classified Arszman as a Tier II sex offender. We remanded the cause for the trial court to classify Arszman as a Tier I

4

sex offender, but the trial court did not carry out our order on remand. Arszman filed a motion to vacate his sex-offender classification, which the trial court overruled. In *Arszman II*, we held that there was no classification to vacate because there was no judgment of conviction in place classifying Arszman as a Tier I sex offender. *Arszman II* at ¶ 3, 5-6.

{¶10} Because the trial court did not include Hildebrand's tier classification in the entry of conviction and sentence, that sanction was never imposed, and there is no order in place requiring Hildebrand to register as a sex offender. Therefore, Hildebrand has no duty to register as a Tier I sex offender. The first assignment of error is sustained.

{¶11} Hildebrand's second assignment of error, which alleges that he was denied the effective assistance of counsel at trial and on appeal, is made moot by our disposition of his first assignment of error, and therefore, we do not address it.

{¶12} Hildebrand's conviction for failing to notify the sheriff of an address change is reversed and he is discharged from further prosecution for that offense.

Judgment reversed and appellant discharged.

**CUNNINGHAM, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry this date.