[Cite as *State v. Rucker*, 2018-Ohio-3575.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170488 |
| | | TRIAL NO. B-0905355 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| CLIFFORD RUCKER, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  September 7, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee, Jr.,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins,* for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1}   In 2011, defendant-appellant Clifford Rucker was convicted, after a jury trial, of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). He was sentenced to five years in prison. We affirmed his conviction on appeal, but noted that the trial court had incorrectly classified Rucker as a Tier III sex offender under Ohio's version of the Adam Walsh Act ("AWA"). We remanded the cause for the trial court to correct its judgment entry to reflect that Rucker was a Tier II sex offender. *See State v. Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185 ("*Rucker I*"). The trial court did not carry out our order on remand.

{¶2}   On January 8, 2015, after Rucker was released from prison, he filed a pro se "Motion for Re-Sentencing Based on Void Judgment/and or Motion to Dismiss the Defendant's Classification as Tier Sex Offender or Child-Victim Offender * * *." Rucker's counsel filed an "Amended Motion for Relief from Sanctions Imposed Pursuant to Sentence," arguing that the trial court had failed to properly notify Rucker of postrelease control, that Rucker's release from prison had deprived the court of authority to correct the postrelease-control notification, and that therefore, Rucker could not be subject to postrelease control. Rucker also argued that because he had been released from prison, the trial court was without authority to classify him as a Tier II sex offender "pursuant to the principles applicable to" postrelease control.

{¶3}   The trial court overruled Rucker's amended motion. The court found that postrelease control had been properly imposed. The court also determined that it was bound by our order of remand to modify Rucker's sex-offender classification to Tier II. The court stated in its entry overruling the motion that "Rucker's classification will be modified under a separate entry to Tier II." The trial court did not journalize a separate entry. Rucker appealed.

2

{¶4} In *State v. Rucker*, 1st Dist. Hamilton No. C-150434, 2016-Ohio-5111, *appeal not allowed*, 148 Ohio St.3d 1411, 2017-Ohio-573, 69 N.E.3d 751 ("*Rucker II*"), we held that the postrelease-control notification was proper. We noted that there was no order in place requiring him to register as a sex offender, and we remanded the cause for the trial court to consider whether it had authority to carry out our remand order in the first appeal and impose Tier II registration requirements on Rucker after he had been released from prison.

{¶5} After a hearing on remand, the trial court entered an order stating, "On remand from the First District Court of Appeals in the case No. C-110082, the court vacates the defendant's Tier III designation from the court's sentencing entry dated January 31, 2011. The defendant is a Tier II offender." Rucker has appealed.

{¶6} Before reaching the merits of Rucker's appeal, we must determine whether we have jurisdiction over it. Our jurisdiction is limited to the review of final orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03; *see State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056, ¶ 5 (1st Dist.); *State v. McLendon*, 1st Dist. Hamilton No. C-160267, 2017-Ohio-1399, ¶ 4. If the appeal is taken from an order that is not a final appealable order, it must be dismissed. *Sims* at ¶ 5; *McLendon* at ¶ 4.

{¶7} In *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, ¶ 6, we stated,

> The registration and verification requirements of the AWA are punitive. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. They are part of the penalty imposed for the offense. *State v. Thomas*, 2016-Ohio-501, 56 N.E.3d 432, ¶ 7 (1st Dist.); *State v. Lawson*, 1st Dist. Hamilton Nos. C-120067 and C-120077, 2012-Ohio-5281, ¶ 12; *State v. Jackson*, 1st Dist. Hamilton No.

C-110645, 2012-Ohio-3348, ¶ 6. "[A] sentence is a sanction or combination of sanctions imposed for an individual offense, and incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 6. Tier classification under the AWA is a type of sanction that may be imposed for an offense. *See Williams*.

A trial court speaks through its journal entries. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 30; *State v. Lewis*, 1st Dist. Hamilton No. C-160909, 2018-Ohio-1380, ¶ 9; *State v. Kirkpatrick*, 2017-Ohio-7629, 97 N.E.3d 871, ¶ 16 (1st Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29; *State v. Hafford*, 1st Dist. Hamilton No. C-150578, 2016-Ohio-7282, ¶ 10.

{¶8} A sanction is imposed by the sentencing entry. *State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 26 (12th Dist.) (holding that the inclusion of the defendant's Tier III sex-offender classification in the sentencing entry was mandatory and that its omission rendered the sex-offender classification void); *Bonnell* at ¶ 299.

{¶9} We have held that a judgment convicting the defendant of an offense that subjects him to the AWA's registration and notification requirements must accurately reflect his tier classification. *Rucker I* at ¶ 31 and 48. We affirmed our holding that the proper tier classification must be included in the judgment of conviction in *Rucker II* at ¶ 11. Rucker's tier classification is part of the sentence for his offense, and therefore, it must be included in the entry of conviction and

sentence. *See id*; *Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962; *State v. Arszman*, 1st Dist. Hamilton No. C-160698, 2017-Ohio-7581.

{¶10} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)" *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. All of these requirements must be contained in a single document. *Sims*, 2017-Ohio-8379, 99 N.E.3d 1056, at ¶ 6, citing *Baker* at ¶ 17, and *State v. Daniels*, 1st Dist. Hamilton No. C-140242, 2014-Ohio-5160, ¶ 7. The "defendant is entitled to an order that conforms to Crim.R. 32(C)." *Lester* at ¶ 15.

{¶11} The trial court's order purporting to classify Rucker as a Tier II offender is not final and appealable, because it does not meet the requirement that the judgment of conviction must be a single document that includes the fact of conviction, the sentence, the judge's signature, and the time stamp. Therefore, the appeal is dismissed.

Appeal dismissed.

**CUNNINGHAM, P.J.,** and **MYERS, J.,** concur.

Please note:
The court has recorded its own entry this date.