[Cite as *State v. Arszman*, 2018-Ohio-4132.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170595 |
| | | TRIAL NO. B-1205912 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| TOBY ARSZMAN, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  October 12, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Christine Y. Jones*, Appellate Division Director, for Defendant-Appellant.

**CUNNINGHAM, Presiding Judge.**

{¶1}    In 2013, defendant-appellant Toby Arszman pleaded guilty to gross sexual imposition, in violation of R.C. 2907.05(A)(1).  He was sentenced to 17 months' incarceration and classified as a Tier II sex offender under Ohio's version of the Adam Walsh Act ("AWA").  On appeal, the state conceded that the trial court had improperly classified Arszman as a Tier II sex offender.  We remanded the cause for the trial court "to classify Arszman as a Tier I sex offender."  *See State v. Arszman*, 1st Dist. Hamilton No. C-130133, 2014-Ohio-2727 ("*Arszman I*").  The trial court did not carry out our order on remand.

{¶2}    On August 9, 2016, after Arszman was released from prison, he filed a "Motion to Vacate Tier I Sex Offender Classification," arguing that because the trial court had failed to journalize an entry classifying him as a Tier I sex offender, and he had been released from prison, the trial court had no authority to classify him as a sex offender.

{¶3}    The trial court overruled Arszman's motion, and he appealed.  We affirmed the trial court's decision overruling Arszman's motion, noting that there was no order in place requiring him to register as a sex offender, and we remanded the cause for the trial court to consider whether it had authority to carry out our remand order in the first appeal and impose Tier I sex-offender registration requirements on Arszman after he had been released from prison.  *See State v. Arszman*, 1st Dist. Hamilton No. C-160689, 2017-Ohio-7581 ("*Arszman II*").

{¶4}    On remand, on October 16, 2017, the trial court entered an order stating, "For good cause shown, the defendant's motion in opposition to classification of defendant as a Tier I sex offender is denied.  The Tier II sex offender/child victim offender classification of the defendant is hereby vacated.  The

defendant is hereby classified as a Tier I sex offender/child victim offender registrant." Arszman has appealed.

{¶5}   Before reaching the merits of Arszman's appeal, we must determine whether we have jurisdiction over it. Our jurisdiction is limited to the review of final orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03; *see State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056, ¶ 5 (1st Dist.); *State v. McLendon*, 1st Dist. Hamilton No. C-160267, 2017-Ohio-1399, ¶ 4. If the appeal is taken from an order that is not a final appealable order, it must be dismissed. *Sims* at ¶ 5; *McLendon* at ¶ 4.

{¶6}   The registration and verification requirements of the AWA are part of the penalty imposed for the offense. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16; *State v. Thomas*, 2016-Ohio-501, 56 N.E.3d 432, ¶ 7 (1st Dist.); *State v. Lawson*, 1st Dist. Hamilton Nos. C-120067 and C-120077, 2012-Ohio-5281, ¶ 12; *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6. A sentence is a sanction or combination of sanctions imposed for an offense. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 6. Tier classification under the AWA is a type of sanction that may be imposed for an offense. *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, ¶ 6; *see Williams*. A sanction is imposed by the sentencing entry. *Hildebrand* at ¶ 8, citing *State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 26 (12th Dist.), and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶7}   Arszman's tier classification is part of the sentence for his offense, and therefore, it must be included in the entry of conviction and sentence. *See State v. Rucker*, 1st Dist. Hamilton No. C-170488, 2018-Ohio-3575, ¶ 9, citing *Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, and *Arszman II*, 1st Dist. Hamilton No. C-160698, 2017-Ohio-7581.

{¶8} We stated in *Rucker*,

"A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)" *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. All of these requirements must be contained in a single document. *Sims*, 2017-Ohio-8379, 99 N.E.3d 1056, at ¶ 6, citing *Baker* at ¶ 17, and *State v. Daniels*, 1st Dist. Hamilton No. C-140242, 2014-Ohio-5160, ¶ 7.

*Rucker* at ¶ 10.

{¶9} In *Rucker*, Rucker had been convicted of unlawful sexual conduct with a minor and sentenced to five years in prison. We affirmed his conviction on appeal, but noted that the trial court had incorrectly classified him as a Tier III sex offender. We remanded the cause for the trial court to correct its judgment entry to reflect that Rucker was a Tier II sex offender. The trial court did not carry out our order on remand. After Rucker was released from prison, he filed a motion to "dismiss" his classification, arguing that the trial court was without authority to classify him as a Tier II sex offender after he had been released from prison. The trial court overruled Rucker's motion, determining that it was bound by our order of remand to classify Rucker as a Tier II sex offender. In its entry overruling Rucker's motion, the court stated that "Rucker's classification will be modified under a separate entry to Tier II." The court did not journalize a separate entry. Rucker appealed.

{¶10} On appeal, we noted that there was no order in place requiring Rucker to register as a sex offender, and we remanded the cause for the trial court to consider whether it had authority to carry out our remand order in the first appeal

and impose Tier II registration requirements on Rucker after he had been released from prison. After a hearing on remand, the trial court entered an order stating, "On remand from the First District Court of Appeals in the case No. C-110082, the court vacates the defendant's Tier III designation from the court's sentencing entry dated January 31, 2011. The defendant is a Tier II offender." Rucker again appealed. We dismissed Rucker's appeal for lack of a final appealable order, holding that the proper tier classification must be included in the judgment of conviction and that the court's order purporting to classify Rucker as a Tier II offender was not final and appealable because it did not meet the requirement that the judgment of conviction must be a single document that includes the fact of conviction, the sentence, the judge's signature, and the time stamp. *Rucker*, 1st Dist. Hamilton No. C-170488, 2018-Ohio-3575, at ¶ 9-11.

{¶11} Arszman is in the same position as Rucker. The trial court's order purporting to classify Arszman as a Tier I offender is not final and appealable, because it does not meet the requirement that the judgment of conviction must be a single document that includes the fact of conviction, the sentence, the judge's signature, and the time stamp. Therefore, the appeal is dismissed.

Appeal dismissed.

**DETERS, J.,** concurs.
**MILLER, J.,** dissents.

Please note:

The court has recorded its own entry this date.