[Cite as *State v. Daniels*, 2024-Ohio-3392.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240085 |
| | | TRIAL NO. B-2300422 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| NOEL DANIELS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 4, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Norbert Wessels*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Stephenie N. Lape, PLLC*, and *Stephenie N. Lape*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}   Defendant-appellant Noel Daniels appeals his convictions for having weapons under disability and carrying concealed weapons.  Daniels pleaded no contest to the charges against him, which resulted from a traffic stop.  The trial court sentenced Daniels to two years of community control.  Daniels appeals the denial of his motion to suppress, arguing that the traffic stop was constitutionally invalid.  For the reasons set forth below, we affirm.

## Background

{¶2}   Cincinnati police officers initiated a traffic stop of a vehicle driven by Daniels.  As a result of the traffic stop, the State indicted Daniels for having weapons under disability and carrying concealed weapons.  Daniels filed a motion to suppress, arguing that the evidence seized as a result of the traffic stop violated his Fourth Amendment rights.

{¶3}   At the motion-to-suppress hearing, Officer Scott Cox testified that he and his partner, Officer Epure, had been driving southbound on Reading Road in Bond Hill when Officer Cox noticed a black Acura make an "improper change of course," moving from the right lane to the left lane without using a signal.  Officer Cox also noticed the heavy window tint of the vehicle at that same time.  The officers pulled behind the Acura, which turned into a parking lot of a laundry business.  Officers initiated the cruiser sirens, and the Acura slowly came to a stop after backing into a parking spot.  Officers asked the driver, Daniels, to step out of the vehicle.  Officer Cox detected an odor of marijuana and also saw "shake" or ground marijuana sprinkled throughout the vehicle.  The officers searched the vehicle and found a .22 revolver.  Officers issued Daniels citations for improper change of course and driving with a

2

suspended driver's license. Officer Cox testified that Daniels's lane change without a signal formed the basis for the improper-change-of-course citation.

{¶4} On cross-examination, Daniels's counsel questioned Officer Cox regarding the investigative report, or "527," which indicated that officers had stopped Daniels for "heavy window tint" and for failing to use a turn signal within a proper distance of turning, which was inconsistent with Officer Cox's testimony that Daniels had been pulled over for failing to use a signal when changing lanes. Officer Cox admitted that he had not issued Daniels a citation for heavy window tint, and Officer Cox explained that Officer Epure had generated the investigative report. Daniels's counsel also introduced as exhibits the cruiser camera and body-worn camera footage. The cruiser camera showed Daniels using a turn signal prior to turning into the laundromat parking lot, and the body-worn camera also showed Officer Epure telling Daniels that he had been pulled over for failing to use a turn signal.

{¶5} The trial court denied Daniels's motion to suppress, finding that Officer Cox had witnessed "multiple" traffic violations, and finding that Officer Cox's testimony was credible. Daniels pleaded no contest to the firearm charges. The trial court sentenced Daniels to two years of community control. Daniels appeals.

**Motion to Suppress**

{¶6} In Daniels's sole assignment of error, he argues that the trial court erred in denying his motion to suppress. This court's review of a motion to suppress presents a mixed question of law and fact where we must accept the trial court's factual findings so long as they are supported by competent, credible evidence, and we review the trial court's legal conclusions de novo. *State v. Burnside*, 2003-Ohio-5372, ¶ 8.

**{¶7}** Under the Fourth Amendment, "a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 2008-Ohio-4539, ¶ 7, citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). The propriety of an investigative traffic stop must be viewed in light of the totality of the surrounding circumstances. *Id.* In addition to reasonable suspicion, a traffic stop can also be legally justified by probable cause; therefore, when an officer observes a driver commit a traffic offense, the officer is legally justified in initiating a traffic stop. *State v. Childers*, 2023-Ohio-948, ¶ 8 (1st Dist.). "Although the probable cause standard is a more stringent standard than reasonable suspicion, the two standards often exist together when a traffic stop is made." *State v. Ward*, 2011-Ohio-3183, ¶ 37 (7th Dist.).

**{¶8}** In this case, Officer Cox testified that he witnessed Daniels commit an improper change of course. Cincinnati Mun.Code 506-80 provides, in relevant part, that, "[n]o person shall . . . turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement."

**{¶9}** Daniels argues that the investigative report and the video from the officer's body-worn camera show that the officers had stopped Daniels's vehicle after Daniels allegedly failed to use a turn signal when turning from the roadway into the parking lot. However, according to Daniels, the video from the cruiser camera shows that Daniels used a turn signal. Daniels also attacks Officer Cox's credibility by pointing out that Officer Cox was uncertain of the exact distance requirement at which a driver must give the appropriate signal.

{**¶10**}   Officer Cox testified unequivocally that Daniels had failed to use a signal when moving from the right lane to the left lane.  The cruiser camera footage is consistent with Officer Cox's testimony in that it depicts the officers' cruiser speeding up to initiate a pursuit of a black Acura up ahead on a two-lane roadway prior to the initiation of the cruiser lights and siren.  As to the investigative report and camera footage, which reflected that Daniels had been stopped for a failure to use a turn signal, Officer Cox noted that his partner had completed the investigative report and had misspoken regarding the exact reason for the stop.  Ultimately, the trial court is in the best position to decide the credibility of a witness at a motion-to-suppress hearing. *State v. Winfrey*, 2008-Ohio-3160, ¶ 19 (1st Dist.).  The trial court found Officer Cox's testimony to be credible.

{**¶11**}   With regard to the excessive window tint of Daniels's vehicle, Daniels argues that Officer Cox never measured Daniels's window tint.  Nevertheless, whether a driver could ultimately be found guilty of a window-tint violation is not determinative of whether police had reasonable suspicion to conduct a traffic stop. *State v. Sims*, 2017-Ohio-8379, ¶ 24 (1st Dist.).  Daniels also argues that officers would not have been able to observe Daniels's window tint from their viewpoint behind Daniels's vehicle.  However, a review of the cruiser camera shows heavy window tint on both the rear and side windows of Daniels's vehicle.

{**¶12**}   Therefore, officers were legally justified in initiating a traffic stop of Daniels's vehicle.  The trial court did not err in denying Daniels's motion to suppress, and we overrule Daniels's sole assignment of error.

### Conclusion

{**¶13**}   The trial court's judgment is affirmed.

Judgment affirmed.

**CROUSE, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.