[Cite as *State v. Euler*, 2019-Ohio-235.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                       Court of Appeals No. WD-17-058

        Appellee                          Trial Court No. 2016CR0438

v.

Gregory L. Euler                                **DECISION AND JUDGMENT**

        Appellant                         Decided:  January 25, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
David T. Harold and Jim Hoppenjans, Assistant Prosecuting
Attorneys, for appellee.

Adam H. Houser, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Gregory L. Euler, appeals the August 21, 2017 judgment of the Wood County Court of Common Pleas, entered after the trial court denied his motion to withdraw his guilty plea.  For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} On October 6, 2016, Gregory Euler was indicted on one count of domestic violence, a violation of R.C. 2919.25(A) and (D)(4), a third-degree felony. The case was scheduled for jury trial beginning on April 24, 2017. On April 21, 2017, the state offered Euler a plea agreement under which it would reduce the charge to a fourth-degree felony and recommend community control at sentencing. Euler accepted the plea agreement and the trial court accepted his plea on April 24, 2017. The court found Euler guilty and continued the matter for sentencing on June 16, 2017.

{¶ 3} After entering his plea, Euler told his attorney that he had felt coerced into accepting the plea agreement. Defense counsel filed a motion to withdraw the plea on May 19, 2017. The court set the motion for a June 9, 2017 hearing, at which time it heard argument from counsel. On June 20, 2017, the trial court entered a detailed judgment denying Euler's motion. Following the denial of the motion, the case proceeded to sentencing on August 18, 2017. The trial court imposed a prison term of 17 months and a term of postrelease control of up to three years. Euler appealed and assigns two errors for our review:

> First Assignment of Error: The Trial Court Erred By Not Allowing Appellant to Withdraw His Guilty Plea.

> Second Assignment of Error: The Trial Court Erred When it [sic] Sentenced Appellant to a prison [sic] Sentence.

2.

## II. Law and Argument

{¶ 4} In his first assignment of error, Euler challenges the denial of his motion to withdraw his guilty plea. In his second assignment of error, he challenges his 17-month prison sentence. We consider each of these assignments in turn.

## A. Withdrawal of Euler's Guilty Plea

{¶ 5} In his first assignment of error, Euler challenges the trial court's denial of his motion to withdraw his guilty plea. He argues that his request was timely submitted, there was great potential for an acquittal, and the state would not have been prejudiced if he had been permitted to withdraw his plea.

{¶ 6} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Ohio Supreme Court has recognized that a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Nevertheless, a defendant does not have an absolute right to withdraw a plea prior to sentencing. *Id.* Withdrawal of a plea will not be permitted merely because a defendant has experienced a change of heart. *State v. Posey*, 6th Dist. Ottawa No. OT-12-028, 2014-Ohio-1994, ¶ 9.

{¶ 7} Upon the filing of a motion to withdraw a plea, the trial court must conduct a hearing and exercise its discretion in determining whether there is a reasonable and

3.

legitimate basis for withdrawal of the plea. *Xie* at paragraphs one and two of the syllabus. We review the trial court's decision for an abuse of that discretion. *Id*. at 527. In doing so, we evaluate a number of factors (the "*Fish* factors"), including:

> (1) whether the state would be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime.

*State v. Richey*, 6th Dist. Sandusky No. S-09-028, 2011-Ohio-280, ¶ 42, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), *overruled in part on other grounds, State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056, ¶ 15 (1st Dist.).

{¶ 8} The trial court conducted a hearing on Euler's motion on June 9, 2017. At that hearing, defense counsel told the court that Euler felt pressured to accept the plea agreement because the state gave him only two hours to decide whether to accept or reject it. While defense counsel acknowledged that the plea offer had been extended to him on Friday, April 21, 2017, and the plea hearing was three days later, on Monday, April 24, 2017, he explained that Euler had only two hours to confer with counsel and

4.

had no contact with his attorney over the weekend. Counsel also told the court that he had received a letter from the victim stating that Euler "did not threaten her or lay his hands on her," thus there was potential for Euler to prevail at trial. He emphasized that Euler's motion was timely filed. And he maintained that the state would not be prejudiced if Euler were permitted to withdraw his plea because the victim was just as readily available—or unavailable—as she was on the day the case was set for trial.

{¶ 9} In response to questioning from the court, Euler's counsel stated that he had been practicing law for 30 years and had defended other clients on felony charges, including felony domestic-violence charges. Defense counsel also conceded to the court that he had advised Euler on the day of the plea hearing that it was his decision whether to go forward with accepting the plea, and he agreed that Euler had not been "promised anything special for the plea," he had not been threatened, and it was his personal decision to accept the plea.

{¶ 10} The state responded that while Euler may have had only two hours to decide whether to accept or reject the plea, he still could have declined to go forward with it when they appeared in court on April 24, 2017. It argued that it would be prejudiced if Euler was permitted to withdraw his plea because the victim's whereabouts were unknown. It explained that the victim had an active warrant for her arrest, and was, therefore, not cooperating with the state. While it acknowledged that the victim had submitted a letter to defense counsel expressing that she did not wish to go forward with the case and recanting the accusations of abuse she had made against Euler, defense

5.

counsel had this letter months before the plea hearing. The state insisted that Euler was merely experiencing a change of heart and there existed no other basis justifying a withdrawal of his plea.

{¶ 11} The court took the matter under advisement. On June 20, 2017, it issued a lengthy written decision, examining each of the *Fish* factors at length and concluding that the factors weighed against allowing Euler to withdraw his plea.

{¶ 12} The parties' arguments on appeal are similar to what they argued in the trial court. Euler insists that with respect to the victim's attendance at trial, the state was in the same position on April 24, 2017, as it was on the date the court heard his motion to withdraw the plea; therefore, he argues, there was no prejudice to the state. He emphasizes that his motion was filed well in advance of the sentencing hearing. And he contends that if the victim had appeared for trial, her letter strongly suggests that the state would have been unable to prove its case beyond a reasonable doubt. Euler also contends that there is nothing in the record indicating that he had the option of declining to enter the plea on April 24, 2017, and points out that the court did not inquire personally of him at the motion hearing to ask him whether he understood that he could have changed his mind after the two-hour window.

{¶ 13} The state maintains that it would have suffered prejudice if Euler were permitted to withdraw his plea because it would have to rebuild its case and "reconvince" the victim to testify. It insists that even if the victim had not testified, responding officers observed strangle marks, bruising, and rug burns on the victim, suggestive of domestic

6.

violence, thus we should reject Euler's claim that he had a defense to the charge. And the state disputes Euler's contention that he had only two hours to accept the plea because he actually had the whole weekend to decide whether to go forward. Again, the state characterizes Euler's request to withdraw his plea as a mere change of heart.

{¶ 14} We examine the trial court's resolution of each of the *Fish* factors.

{¶ 15} *Whether the state will be prejudiced by withdrawal of the plea.* The trial court found that the victim has a warrant for her arrest and is unlikely to appear to testify. It observed that many victims of domestic violence find themselves in this situation and, as a result, are hesitant to cooperate with law enforcement and prosecutors. The court was persuaded that this factor weighs against Euler.

{¶ 16} We disagree with the trial court's resolution of this factor. While the court validly observed the difficulty the state can face when a victim has an outstanding arrest warrant, thereby interfering with her willingness to cooperate with law enforcement, this has no bearing on whether the state would be prejudiced *by withdrawal of Euler's plea.* The record here indicates that the withdrawal of Euler's plea would render the state's position no better or worse than it was on the day Euler entered his plea. We, therefore, conclude that there would have been no prejudice to the state if Euler had been permitted to withdraw his guilty plea.

{¶ 17} *The representation afforded to the defendant by counsel.* The trial court found that Euler had been represented by highly-competent counsel with more than 30 years of experience. It noted that counsel had secured a favorable plea agreement,

7.

reducing the level of offense to one for which prison time was not presumed, and that Euler had expressed during the plea colloquy that he was satisfied with the advice and counsel of his attorney. We agree with the trial court's resolution of this factor.

{¶ 18} *The extent of the Crim.R. 11 plea hearing*. The trial court found that Euler was afforded a comprehensive Crim.R. 11 plea hearing at which he was fully informed of his rights and the implication of his plea. The court determined that it had strictly complied in informing Euler of his constitutional rights and "did more than substantially comply" in informing him of his non-constitutional rights. We agree with the trial court's resolution of this factor.

{¶ 19} *The extent of the hearing on the motion to withdraw*. The trial court found that Euler had been afforded a full hearing to address his motion and that his counsel presented arguments on his behalf. We agree with the trial court's resolution of this factor. While Euler did not testify, we note, first, that he never requested to testify, and, second, that the substantive merits of his motion were fully addressed at the June 9, 2017 hearing. *See State v. Cherry*, 6th Dist. Erie No. E-10-045, 2013-Ohio-2596, ¶ 22 (affirming trial court's denial of motion to withdraw plea even though defendant had not been permitted to testify at motion hearing).

{¶ 20} *Whether the trial court gave full and fair consideration to the motion*. The court deemed that it had given full and fair consideration to Euler's motion as evidenced by the fact that it had taken the matter under advisement and considered the arguments of counsel in preparing its judgment entry. It also indicated that it had been guided by this

8.

court's recent case law, including our decisions in *State v. Acosta*, 6th Dist. Wood No. WD-15-066, 2016-Ohio-5698, and *State v. Williams*, 6th Dist. Lucas No. L-15-1259, 1260, 2016-Ohio-4905, where we held that the trial court correctly denied the defendants' motions to withdraw their pleas. We agree with the trial court's resolution of this factor.

{¶ 21} *Whether the timing of the motion was reasonable.* The court concluded that Euler's motion had been made within a reasonable time and stated that this was the only factor weighing in favor of allowing Euler to withdraw his plea. We agree with the trial court's determination that Euler timely filed his motion to withdraw his guilty plea.

{¶ 22} *The reasons for the motion and whether the defendant understood the nature of the charges and potential sentences.* The court concluded that Euler had ample opportunity to consider whether to enter the plea. It found that even though Euler had been given only two hours to decide whether to accept the plea, he had the entire weekend to more adequately consider the plea and its implications. It also found that Euler had met with his attorney to discuss the offer, he communicated his willingness to accept the plea, and he demonstrated during the plea colloquy that he understood the rights he was waiving, the level of the offense, and the possible penalties. We agree with the trial court's resolution of this factor.

{¶ 23} *Whether the accused was perhaps not guilty or had a complete defense to the charge.* The trial court acknowledged the letter that Euler had received from the victim indicating that she did not wish to go forward, but it observed that the letter had been in Euler's possession "almost the entire pendency of the case," and that he had

9.

entered a plea "in spite of the letter." The court also indicated that while the victim may have stated that she did not wish to go forward, this did not mean that Euler had a defense to the charge. We agree with the trial court's resolution of this factor, and we note that the officers responding to this incident observed physical injuries consistent with abuse and could offer testimony as to their observations. So while Euler may have had a defense to the charge, we cannot say that the victim's recantation constituted a complete defense or prevented the state from going forward.

{¶ 24} Having reviewed the April 24 and June 9, 2017 transcripts and the trial court's detailed judgment entry, we find that on the whole, the *Fish* factors weigh in favor of denying Euler's motion to withdraw his guilty plea. Euler's arguments in support of his motion evidence a mere change of heart rather than a reasonable and legitimate basis for withdrawing the plea. We conclude that the trial court did not abuse its discretion in denying Euler's motion.

{¶ 25} Accordingly, we find Euler's first assignment of error not well-taken.

### B. Imposition of Prison Term

{¶ 26} Euler next challenges his 17-month prison sentence. He claims that the trial court failed to properly follow the sentencing criteria under R.C. 2929.11 and 2929.12 in deciding upon his sentence. He argues that the sentence was not supported by the record because (1) the facts of the case showed that the victim was not a member of Euler's household, she went to Euler's home, and Euler was the one who called the police; (2) the court acknowledged at the hearing on Euler's motion to withdraw his plea

10.

that the level of the offense was one where imprisonment was not presumed; (3) the state recommended community control; (4) Euler was working full-time and was recently married; and (5) he was remorseful.

{¶ 27} The state responds that the trial court "complied with all statutory requirements and amply supported the imposition of a prison term with facts that remain unchallenged by Appellant." The state also complains that Euler continues to blame the victim, and it argues that the trial court's denial of his motion to withdraw his plea does not undermine the sentence imposed. It maintains that Euler has proffered no challenge to any specific finding of the court.

{¶ 28} An appellate court will not modify or vacate a sentence unless it finds by clear and convincing evidence that the sentence is contrary to law or that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Marcum* at ¶ 22, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

11.

{¶ 29} Euler does not challenge any findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), nor does he allege that his sentence is contrary to law; rather, he argues that his sentence is not consistent with the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12. An appellate court may review a sentence imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 "under a standard that is equally deferential to the sentencing court." *Id.* at ¶ 23. In other words, it may vacate or modify the sentence only if it finds by clear and convincing evidence that it is not supported by the record. *Id.*

{¶ 30} Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve those purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). The sentence imposed shall be reasonably calculated to achieve the overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

12.

**{¶ 31}** R.C. 2929.12 grants discretion to the trial court to determine the most effective way to comply with the purpose and principles of sentencing, and it lists general factors that the trial court must consider relating to the seriousness of the offender's conduct, the likelihood of recidivism, and, if applicable, the offender's service in the U.S. armed forces and whether the offender has an emotional, mental, or physical condition traceable to that service that contributed to the commission of the offenses. R.C. 2929.12(A) also permits the court to "consider any other factors that are relevant to achieving those purposes and principles of sentencing."

**{¶ 32}** Here, the trial court found that a prison term was consistent with the purposes and principles of sentencing, and it found that a prison term was warranted due to the following circumstances:

-The offender caused physical harm to a person.

-The offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

-The offender at the time of the offense was serving, or the offender previously served, a prison term.

-The victim of the offense suffered serious physical, psychological or economic harm as a result of the offense.

-The offender's relationship with the victim facilitated the offense.

13.

-The offender was previously adjudicated a delinquent child * * * or the offender has a history of criminal convictions.

-The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

-The offender has established a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

-The offender shows no genuine remorse for the offense.

{¶ 33} We find no clear and convincing evidence that Euler's sentence was not supported by the record. Furthermore, at the time the trial court accepted Euler's plea, it advised him that it was not required to accept the state's sentencing recommendation. *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6 (finding that a trial court does not err by imposing a sentence greater than that which induced the defendant to plead guilty where the trial court has forewarned the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the state.). Finally, while the trial court observed in its June 20, 2017 judgment that defense counsel had successfully negotiated Euler's originally-charged third-degree felony to the reduced fourth-degree felony for which imprisonment

is not presumed, this did not bind the court to impose community control in lieu of prison.

{¶ 34} Accordingly, we find Euler's second assignment of error not well-taken.

### III. Conclusion

{¶ 35} We find Euler's two assignments of error not well-taken. As to his challenge to the trial court's denial of his motion to withdraw his guilty plea, the trial court thoroughly considered the *Fish* factors. While we disagree with the trial court's resolution of one of those factors, we find no abuse of discretion in the court's overall conclusion denying Euler's motion to withdraw his plea.

{¶ 36} As to Euler's challenge to his 17-month prison sentence, Euler makes no argument that his sentence is contrary to law, he makes no claim that the court made any incorrect findings under R.C. 2929.13(B) or (D), R.C. 2929.14 (B)(2)(e) or (C)(4), or R.C. 2929.20(I), and there is no clear and convincing evidence that the sentence was not supported by the record.

{¶ 37} We affirm the August 21, 2017 judgment of the Wood County Court of Common Pleas. The costs of this appeal are assessed to Euler under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        

_____
JUDGE

Thomas J. Osowik, J.        

Christine E. Mayle, P.J.        
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.