[Cite as *State v. Ranney*, 2025-Ohio-2396.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0098 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JEFFREY ALLEN RANNEY, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00168 |

## OPINION AND JUDGMENT ENTRY

Decided: July 7, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Hector G. Martinez, Jr.*, The Martinez Firm, 4230 State Route 306, Suite 240, Willoughby, OH 44094, and *Richard J. Perez*, 4230 State Route 306, Suite 240, Willoughby, OH 44094 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Jeffrey Allen Ranney, appeals the trial court's denial of his presentence motion to withdraw his guilty plea to two counts of pandering sexually oriented matter involving a minor. We affirm.

{¶2} In April 2024, the Ashtabula County Grand Jury indicted Ranney on five counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1) and (C), felonies of the second degree; five counts of illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.323(A)(1) and (B),

felonies of the second degree; and one count of possessing criminal tools, in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree.

{¶3} Ranney initially pleaded not guilty to the charges, and the trial court set bond and appointed counsel for his defense. Thereafter, at a status conference on August 26, 2024, the trial court revoked Ranney's bond when he tested positive for use of illegal substances.

{¶4} On September 3, 2024, pursuant to a written plea agreement, Ranney entered guilty pleas to two counts of pandering sexually oriented matter involving a minor, and the State agreed to move to dismiss the balance of the indictment. Ranney and the State agreed to a recommended sentence of two years of imprisonment on each count to run consecutively for an aggregate prison term of four to five years. Following a Crim.R. 11 colloquy, the trial court accepted Ranney's plea, ordered a presentence investigation, and scheduled sentencing for October 1, 2024. The trial court also reinstated Ranney's bond on defense counsel's oral motion.

{¶5} On September 10, 2024, two new attorneys noticed appearances on behalf of Ranney and filed a demand for discovery. On September 23, 2024, newly retained defense counsel moved to continue the sentencing hearing. In support of the motion, counsel indicated that they were retained by Ranney on September 9, 2024, and they required additional time to review discovery and to obtain the transcript of the plea hearing. The trial court denied the motion.

{¶6} On October 1, 2024, sentencing was postponed when Ranney's new defense counsel filed a motion to withdraw the plea and vacate the guilty finding. The trial court issued an order scheduling a hearing on Ranney's motion for October 15, 2024,

Case No. 2024-A-0098

and stating that, if the court denied the motion, it would immediately proceed to sentencing.

{¶7} Following the hearing on Ranney's motion, the trial court denied the motion and proceeded to sentencing, adopting the parties' agreed sentence by imposing consecutive prison terms of two to three years on each count, for a total of four to five years of imprisonment.

{¶8} In his sole assigned error, Ranney maintains:

> Appellant clearly established a reasonable and legitimate basis for the presentence withdrawal of his guilty plea and the trial court erred in denying his request to withdraw his plea in violation of appellant's right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

{¶9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.

{¶10} "'A presentence motion to withdraw a guilty plea should be freely and liberally granted.'" *State v. Barnes*, 2022-Ohio-4486, ¶ 13, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "A defendant does not, however, have an 'absolute right' to withdraw his or her plea, even when a motion to withdraw is made before sentencing." *Barnes* at ¶ 13, quoting *Xie* at paragraph one of the syllabus. "Before ruling on a defendant's presentence motion to withdraw his plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea." *Barnes* at ¶ 13, citing *Xie* at paragraph one of the syllabus. "The determination whether there is a reasonable and legitimate basis for the defendant's request to withdraw

his plea is 'within the sound discretion of the trial court.'" *Barnes* at ¶ 13, quoting *Xie* at paragraph two of the syllabus. "Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." *Barnes* at ¶ 13, quoting *Xie* at 526.

{¶11} Here, when Ranney entered his plea, he was represented by two appointed attorneys. After the trial court engaged in the plea colloquy with Ranney, it inquired regarding the circumstances that resulted in the charges. The following exchange then occurred:

> [RANNEY]: I don't know. The police came into my house and took a computer --
>
> THE COURT: Okay.
>
> [RANNEY]: -- that I had been using and they found that stuff on there.
>
> THE COURT: All right. And so there were -- let me ask you this. Is it your intent then to plead guilty to Counts 1 and 2, both are the pandering sexually oriented matter involving a minor or impaired person, they're both qualifying offenses?
>
> [RANNEY]: Yes.
>
> THE COURT: And these both occurred on or about December 1st, 2022 between that through September 14th, 2023, both occurred here in Ashtabula County, Ohio.
>
> [RANNEY]: Yeah. To the best of my knowledge, yeah.

{¶12} The court then asked the prosecutor if he had anything to add, and he replied:

> Yes, Your Honor.
>
> On August 21st, 2023, Ohio State Highway Patrol Computer Crime Unit detected a computer with an IP address sharing child porn to other computers.

Case No. 2024-A-0098

The downloads were on August 11th of 2023, all from this IP address that was then connected to the defendant. Using the IP address, the child unit could recognize the provider as a Windstream communication site. The user used a BitTorrent network to share the files. I don't know if the Court knows what a BitTorrent type program is.

That is a program where it has the capacity to collate and find really anything. It can be used for nefarious purpose, it can be used -- as the Court knows, my two major things of liking Winston Churchill and Packard automobiles.

I can put on there find me Packard automobiles or pictures of Winston Churchill. That's what a BitTorrent can be -- so it can be used for a good purpose, say you're doing a dissertation or it can be used for an illegal purpose, such as why we are here.

The inventory -- the investigator sent a grand jury subpoena to Windstream and received an address in the name of Jeffrey Ranney on Addison Road in Geneva. Even the name of the (sic.) some of the videos were quite obscene to list here in this narrative. The search warrant was executed on the property on September 14, 2023, numerous electronic devices and storage units were collected. The interview was conducted on defendant by State Highway Patrol and he admitted to watching and downloading pornographic material with children.

The investigators found the same pornography that was shared with the BitTorrent program on the defendant's devices. All devices containing child porn were the property of the defendant and located in his locked bedroom. And this happened in Geneva, Ohio, County of Ashtabula and State of Ohio.

{¶13} Following the recitation of the facts, the trial court asked Ranney how he wished to plead to the two counts, and he entered his guilty pleas, which the trial court accepted. The court ordered a presentence investigation, and it reinstated Ranney's bond.

{¶14}   In his motion to withdraw his plea and supporting affidavit, Ranney averred that he did not knowingly, intelligently, and voluntarily enter his plea because of deficiencies in his prior counsel's performance and his lack of knowledge of certain evidence. In support, Ranney maintained that, prior to entering his plea, counsel had not reviewed with him several reports prepared by the Ohio State Highway Patrol. After reviewing this evidence with newly retained counsel, Ranney believed these reports to contain potentially exculpatory evidence. Ranney indicated that this evidence demonstrated that many of the devices seized from his home did not contain offending material. In addition, in a computer forensic report, the State Highway Patrol determined that one of the devices which did contain child sexual abuse material had no connection to Ranney, and it determined that Ranney had not accessed the material. Ranney maintained that he reviewed these reports for the first time after retaining new counsel. He also indicated that prior counsel had not carefully reviewed with him the statutes under which he had been charged.

{¶15}   Further, because he had been incarcerated since August 26, 2024, Ranney maintained that he was very nervous and "under duress" at the September 3, 2024 hearing. Ranney indicated that he primarily entered his plea because prior counsel had advised him that his bond would be reinstated if he entered his plea, and Ranney desired release to obtain new counsel.

{¶16}   In response to Ranney's motion, the State maintained that the trial court had properly conducted the plea colloquy, and the State had timely provided all discovery to defense counsel. The State had no knowledge of conversations between Ranney and prior counsel and thus had no further comment on the allegations in Ranney's motion.

Case No. 2024-A-0098

The State further indicated that it had no objection to Ranney's motion and was ready to proceed to trial.

{¶17} At the hearing on Ranney's motion to withdraw his guilty pleas, Ranney testified consistently with the allegations and averments in his motion and affidavit.

{¶18} After Ranney's testimony, the State argued that it knew prior counsel to be very diligent, and the plea agreement was very generous to Ranney. However, the State again represented that it had no objection to Ranney withdrawing his pleas.

{¶19} Thereafter, the State and defense counsel agreed that all discovery had been provided to prior defense counsel, and the evidence at issue was not newly obtained.

{¶20} In addressing this matter on the record, the trial court explained that the plea hearing was extensive, and Ranney appeared to have a clear mind when answering the court's questions. The court then stated:

> After review, based upon all of the information that the Court has heard and reviewed, the Court's reluctant to declare that your plea was not rendered -- well, was rendered unknowingly and involuntarily and that's due here to deficiencies in your prior counsel. So the Court's reluctant to allow you to withdraw your plea. I am certainly concerned and reluctant to say that this was rendered unknowingly and involuntarily due to deficiencies with your prior counsel.
>
> The Court further concludes here after reviewing everything, that there's no irregularities or injustices here and that your prior counsel met standards of competence and diligence. You were satisfied with them as you stated and it's apparent by review of the plea hearing here and review of what I've heard today and the arguments made by [newly retained defense counsel], that it may be a change of heart by you and that's not enough to allow withdrawal of the guilty plea here.
>
> I do say that [newly retained defense counsel] has done a very nice job for you here, but the arguments for the plea

Case No. 2024-A-0098

withdrawal in this matter are without merit at the conclusion of this Court. The Court further concludes that your previous attorneys were highly competent and they have been practicing for many years. That's a fact. They do criminal defense work on a daily basis and it's the Court's observation and finding that they represented you competently at the time of the plea.

You were given a full hearing pursuant to Criminal Rule 11. It was an extensive hearing with multiple questions, lots of explanation to which you stated that you understood and did not have any additional questions. Also, you were given a full hearing here today on the Motion to Withdraw. And after fully and fairly considering the motion, the Court's denying the defendant's Motion to Withdraw Plea. The Court concludes that you made a knowing, intelligent and voluntary plea with your competent counsel, as evidenced by the transcript of the hearing and the Court's observation.

Now, any change of heart by you with regard to that guilty plea does not create an injustice here for the Court to correct in this matter. The Court understands here after a few questions and arguments by [defense counsel], information that the Court was provided and [the prosecutor], that there was not a problem here with discovery being provided. And so the Court denies the Motion to Withdraw Plea of the defendant, denies the Motion to Vacate the Guilty Finding.

After review of all of the information before the Court, the Court finds there's no reasonable, legitimate basis for the withdrawal and a change of heart by the defendant is not enough. For all of those reasons, the Court concludes that you, Mr. Ranney, made a knowing, intelligent and voluntary plea with your counsel present and your Motion to Withdraw and to Vacate Plea is denied. The Court will place this ruling into a judgment entry as well here in this matter.

{¶21} The trial court journalized its denial of Ranney's motion in an entry dated October 18, 2024.

{¶22} On appeal, Ranney argues that he established a reasonable and legitimate basis for the presentence withdrawal of his guilty plea, and, thus, pursuant to applicable case law, the trial court erred in denying his motion.

Case No. 2024-A-0098

{¶23} When reviewing a trial court's ruling on a presentence motion to withdraw a plea, this court routinely applies the four-factor test set forth in *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist.1980). *State v. Jackson*, 2024-Ohio-2599, ¶ 26 (11th Dist.); *State v. Parham*, 2012-Ohio-2833, ¶ 19 (11th Dist.). Pursuant to *Peterseim*, a trial court does not err in denying a presentence motion to withdraw a plea if the following factors are met: (1) the accused was represented by highly competent counsel when entering his plea; (2) the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; (3) the trial court provided the accused a complete and impartial hearing on the motion to withdraw the plea; and (4) the court gave full and fair consideration to the motion. *Jackson* at ¶ 26.

{¶24} However, in *Barnes*, 2022-Ohio-4486, the Ohio Supreme Court held the *Peterseim* factors, as well as other factors frequently used by appellate courts in review of presentence plea withdrawal rulings, were inapplicable under the circumstance presented in that case. *Barnes* at ¶ 24. In *Barnes*, the defendant was charged with numerous offenses, including murder and voluntary manslaughter, after he exchanged gunfire with two other individuals at a gas station, resulting in death to one bystander and injury to two other bystanders. *Id.* at ¶ 2-5. After reviewing a recording obtained from the gas station's surveillance system, authorities could not determine which shooter fired the fatal shot. *Id.* at ¶ 4. The State provided the video and audio recording from the gas station to defense counsel but labeled the recording "counsel only" pursuant to Crim.R. 16(C). *Barnes* at ¶ 4. Thereafter, the defendant agreed to plead guilty to an amended count of involuntary manslaughter, and the State agreed to request dismissal of the remaining

charges. *Id.* at ¶ 5-6. The trial court accepted the defendant's plea and set the matter for sentencing. *Id.* at ¶ 6.

{¶25} On the morning of the defendant's sentencing, he moved to withdraw his guilty plea, arguing that he acted in self-defense. *Id.* at ¶ 7. In a supplemental motion, the defendant explained that his counsel never allowed him to view and listen to the recording from the gas station; however, the night prior to sentencing, one of his attorneys who was unaware of the "counsel-only" designation, inadvertently provided the defendant access to the recording. *Id.* The defendant believed the recording would establish that he did not shoot first and would support his claim of self-defense. *Id.* at ¶ 7.

{¶26} At a hearing on the defendant's motion, his former attorneys testified that they did not recall providing the defendant video footage of the shooting with audio, and the defendant testified that he would not have pleaded guilty had he reviewed the recording prior to entering his plea. *Id.* ¶ 8. Prior to ruling on the defendant's motion, the trial court reviewed the *Peterseim* factors. *Barnes* at ¶ 9, 16. Thereafter, the trial court overruled the defendant's motion and proceeded to sentencing. *Id.* at ¶ 9.

{¶27} On appeal to the Eighth District, the court affirmed the trial court's judgment after reviewing the *Peterseim* factors as well as the factors set forth in *State v. Heisa*, 2015-Ohio-2269 (8th Dist.), which are commonly used by appellate courts in assessing a presentence motion to withdraw a plea. *Barnes*, 2022-Ohio-4486, at ¶ 16-17. The Eighth District concluded that the trial court's denial of the motion to withdraw was not unreasonable, arbitrary, or unconscionable, and, therefore, the trial court did not abuse its discretion in denying the defendant's motion. *Id.* at ¶ 17.

**{¶28}** Thereafter, the Ohio Supreme Court accepted jurisdiction of the case on a discretionary appeal on the following proposition of law: "A defendant has a reasonable and legitimate basis to withdraw a guilty plea before sentencing upon learning of evidence that: (1) was previously withheld from the defendant; and (2) would have changed the defendant's decision to plead guilty." *Barnes* at ¶ 12. In addressing this issue, the Supreme Court emphasized that a motion to withdraw a guilty plea should be freely and liberally granted, and "[t]his standard makes clear that when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to withdraw his plea. This is the presumption from which all other considerations must start." *Barnes* at ¶ 21.

**{¶29}** With respect to the particular facts at issue in *Barnes*, the Supreme Court noted that it was "uncontroverted that (1) the person who fired the lethal bullet is unknown, (2) [the defendant] has always claimed he acted in self-defense, and (3) when [the defendant] agreed to plead guilty, he was unaware of the video footage." *Id.* at ¶ 23. Under these circumstances, the Supreme Court determined that the *Peterseim* and *Heisa* factors did not apply and held that "when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing." *Id.* at ¶ 24. Thus, the Supreme Court determined that the trial court abused its discretion by denying the defendant's presentence motion to withdraw his guilty pleas. *Id.*

**{¶30}** Here, Ranney argues that "similar to the defendant in *Barnes*, [Ranney] has set forth a reasonable and legitimate basis for the withdrawal of his plea, namely that potentially exculpatory evidence was not shared with him by his former counsel that would

have negated his decision to enter a 'guilty' plea." In support, Ranney maintains that his affidavit and testimony established that he had not reviewed the forensic report with his former counsel prior to entering his plea.

{¶31} In addressing the State Highway Patrol reports, we first note that these reports are not included in the record on appeal. The reports were not entered into evidence at the hearing on Ranney's motion, nor incorporated in his affidavit. The parties maintain that the reports are included in the PSI; however, the PSI was not included in the record on appeal. Although this court will commonly sua sponte obtain PSIs that are absent from the record when addressing an appeal of a sentence under R.C. 2953.08, Ranney does not, nor would he be permitted to, appeal his sentence under that section. *See* R.C. 2953.08(F)(1) ("On the appeal of a sentence under this section, the record to be reviewed shall include . . . [a]ny presentence . . . report that was submitted to the court in writing before the sentence was imposed."); R.C. 2953.08(D)(1) ("A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.").

{¶32} Nonetheless, there is no dispute as to the existence of the reports and that the reports were made available to Ranney's prior counsel and his newly retained counsel. Further, there is no dispute as to the pertinent content of the reports. We thus accept for purposes of Ranney's argument that the forensic report, which was provided to his prior counsel, contained evidence that several of the electronic devices that were seized did not contain offending material, and one computer that was seized contained offending material unrelated to, and not accessed by, Ranney.

Case No. 2024-A-0098

{¶33} Despite these facts, the trial court determined that Ranney's "claims against his prior counsel of failing to thoroughly review discovery material [were] without merit." Thus, apparently, the trial court did not find Ranney's testimony that prior counsel failed to review the reports with him to be credible.

{¶34} Such a conclusion distinguishes this case from *Barnes*, 2022-Ohio-4486. Although, like *Barnes*, Ranney's assertion that he did not previously review the evidence at issue was not directly refuted, the defendant in *Barnes* supported this assertion with the testimony of his prior counsel, and there is no indication in *Barnes* that defendant was not credible in this regard. *See Barnes* at ¶ 8. Further, here, prior counsel indicated to the court at the plea hearing that counsel had discussed discovery materials with Ranney, and there is no dispute that the reports at issue were provided to prior counsel.

{¶35} The present case also differs from the circumstances in *Barnes* because, in that case, the defendant clearly argued his belief that the newly provided evidence supported his claim of self-defense. Here, pursuant to the State's recitation of the facts at the plea hearing, "numerous electronic devices and storage units" were seized from Ranney's residence after the State Highway Patrol discovered the materials were sent from an IP address associated with Ranney. It is not clear why the report's indication that one of these devices contained material not associated with, nor accessed by, Ranney would provide a defense to the charges. *See State v. Wallace*, 2023-Ohio-3014, ¶ 35 (3d Dist.) (defendant did not provide explanation as to how new evidence affected the substance of his case or his decision to plead guilty).

{¶36} Further, unlike *Barnes*, where the defendant consistently indicated that he acted in self-defense, here the State relayed to the court at the plea hearing that Ranney

admitted to watching and downloading child pornographic material when interviewed by the State Highway Patrol. Although Ranney maintains that, when interviewed by the Adult Probation Department for the PSI, he maintained his innocence, it is for the "trial judge [to] determine whether a claim of innocence is simply an accused's change of heart about the plea agreement." *State v. Howard*, 2024-Ohio-243, ¶ 30 (8th Dist.), citing *State v. Elliott*, 2016-Ohio-2637, ¶ 30 (8th Dist.); *see also State v. Clifton*, 2022-Ohio-3814, ¶ 64 (8th Dist.) ("A mere change of heart regarding a guilty plea is an insufficient justification for the withdrawal of the guilty plea.").

**{¶37}** Accordingly, because the present case is not on par with *Barnes*, we proceed to review the trial court's decision using the *Peterseim* factors, which, although not applied in *Barnes*, were not overruled by the *Barnes* decision. *See Barnes*, 2022-Ohio-4486, ¶ 24 (agreeing with the defendant that "the *Peterseim* factors and the *Heisa* factors do not apply here"); and *id.* at ¶ 28 (Brunner, J., concurring) (writing separately because the concurring justice would "go further and would discard the nine-factor analysis that has been created and adopted by Ohio's courts of appeals in favor of a renewed focus on Crim.R. 32.1 and the guiding standards set forth by [the Ohio Supreme Court] in" *Xie*, 62 Ohio St.3d 521). *See also Jackson*, 2024-Ohio-2599, at ¶ 29 (11th Dist.) (noting that *Peterseim* is not the exclusive test in the review of presentence motions to withdraw a guilty plea and concluding that this court should analyze the trial court's ruling on such a motion using the same test applied by the trial court).

**{¶38}** As addressed above, pursuant to *Peterseim*, a trial court does not err in denying a presentence motion to withdraw a plea if the following factors are met: (1) the accused was represented by highly competent counsel when entering his plea; (2) the

accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; (3) the trial court provided the accused a complete and impartial hearing on the motion to withdraw the plea; and (4) the court gave full and fair consideration to the motion. *Jackson* at ¶ 26.

{¶39} Here, in its judgment entry, the trial court, although not specifically citing *Peterseim*, made findings relevant to the *Peterseim* factors when it concluded: "After full and fair consideration, after hearing arguments of counsel, the Court finds and concludes that [Ranney] was presented by highly competent counsel during the plea hearing, that [Ranney] was afforded a full hearing, pursuant to Crim.[R.] 11, before he entered the pleas of guilty, and that [Ranney] did not appear nervous or anxious during the plea."

{¶40} In his brief, Ranney addresses the trial court's judgment through reference to the nine-factor test, instead of the *Peterseim* four-factor test. However, the nine-factor test incorporates the four *Peterseim* factors. With respect to the first factor regarding competency of counsel, Ranney maintains that the trial court improperly concluded that he was represented by highly competent counsel. Ranney maintains that the court could not reach this conclusion because there was no testimony or evidence supporting that he was represented by highly competent counsel, and the trial court could not take judicial notice of competency. However, Ranney provides no authority in support of this position. In fact, in *Peterseim*, 68 Ohio App.2d at 214, fn. 3, the Eighth District indicated that there was no question that the attorneys at issue were "exceptionally qualified and diligent," noting:

> This conclusion is supported not only by this court's recognition of the consistently exemplary quality of work produced by these attorneys, but also by appellant's admission that counsel were competent and thorough, by the

Case No. 2024-A-0098

prosecutor's acknowledgment that counsel are two of the finest attorneys in the city and that before they negotiated the plea arrangement they had obtained all evidence which the state planned to present at trial, and by the trial judge's observation that counsel gave appellant 'the finest legal service' that he had seen in many years.

{¶41} Similarly, here, the State indicated at the hearing on Ranney's motion that his previous attorneys always did a "very diligent job," and the plea agreement that prior defense counsel had negotiated was "very generous" to Ranney. In addition, the trial court stated that Ranney's previous attorneys "were highly competent and they have been practicing for many years. That's a fact. They do criminal defense work on a daily basis . . . ." Based on the foregoing, the first *Peterseim* factor weighs against Ranney.

{¶42} With respect to whether Ranney was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea, Ranney concedes that the plea hearing fully complied with Crim.R. 11. Therefore, the second *Peterseim* factor weighs against Ranney.

{¶43} Regarding the third *Peterseim* factor as to whether the trial court provided Ranney with a complete and impartial hearing on the motion to withdraw the pleas, Ranney does not dispute that the trial court provided him with a complete hearing. Nonetheless, he maintains that the court "clearly took a position adverse to [Ranney's] and not consistent with the State of Ohio's apparent position that a presentence motion to withdraw [a] plea be 'freely and liberally granted.'" However, an adverse ruling does not establish lack of impartiality, and, although the motion should be freely and liberally granted, a defendant does not have an absolute right to a presentence withdrawal of his plea. Based on our review of the record, the third *Peterseim* factors also weigh against Ranney.

Case No. 2024-A-0098

**{¶44}** With respect to the fourth *Peterseim* factor, Ranney argues that the trial court failed to give full and fair consideration to the motion. In support, Ranney maintains that he established that he was under duress when entering his pleas due to his incarceration, his desire to be released on bond to obtain new counsel, and his assertion that he was informed that he would be released on bond if he entered his plea. However, at the plea hearing, he affirmed that he was not promised anything in exchange for entering into the plea agreement. Further, *prior to Ranney entering his plea*, the prosecutor indicated that it had no objection to reinstatement of Ranney's bond. Based on our review of the record, we conclude that the trial court gave full and fair consideration to Ranney's motion. Accordingly, the fourth *Peterseim* factor also weighs against Ranney.

**{¶45}** Last, we note that, in addressing the nine-factor test not typically used by this court, Ranney argues that his motion was made in a timely manner, that the State did not object to his motion, and that no prejudice would result from withdrawal of the plea. However, even were this court to review the nine-factor test, given the factors that weigh against Ranney's motion, we would not be able to conclude that the trial court abused its discretion in denying his motion.

**{¶46}** Based on the foregoing, we cannot say the trial court erred in denying Ranney's motion to withdraw his plea. Accordingly, Ranney's assigned error lacks merit.

**{¶47}** The judgment is affirmed.

ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-A-0098

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error lacks merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-A-0098