[Cite as *State v. Cox*, 2026-Ohio-560.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellee,          :

                                No. 115137

      v.                           :

BRIAN COX, JR.,                         :

      Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 19, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-685943-D

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran and Michael T. Fisher, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Brian Cox Jr. appeals the trial court's denial of his presentence motion to withdraw his guilty plea, arguing that he took his plea out of "fear and anger" and

because he was dissatisfied with his counsel.  After a review of the record and law, we affirm.

{¶ 2} In November 2023, a 25-count indictment charged Cox and his codefendants for events relating to the November 2020 drive-by shooting death of Anzaiyeh Brooks ("Brooks") and Anthony Hughes ("Hughes"), a minor. Twenty of the charges named Cox and included four counts of aggravated murder; two counts of murder; two counts of discharge of firearm on or near prohibited premises; eight counts of felonious assault; two counts of receiving stolen property; and two counts of improperly handling firearms in a motor vehicle.  Nearly all the counts contained one-, three-, five-year firearm and drive-by shooting specifications

{¶ 3} In November 2024, Cox, pro se, filed a motion for new counsel that provided, "I've seen my lawyers only 3 or 4 times over the course of 14 months. . . . I don't feel comfortable going to trial with these lawyers. . . . I feel they are trying to pressure me into doing something I don't want to do. They keep coming to me with cop out after cop out all the deals have life tails and they try to persuade me to take it."  The motion was not ruled upon, but it was discussed prior to accepting his plea on December 2, 2024.  Cox advised the trial court that "[t]hey came with a plea deal without life so that's cool," when asked about his satisfaction with his counsel.  (Tr. 5.)  The trial court thoroughly engaged with Cox to ensure that he was satisfied with his counsel and no longer felt coerced, both of which Cox answered affirmatively. When the trial court asked if Cox was withdrawing his letter, Cox again answered affirmatively.

{¶ 4} Under the plea agreement, Cox pleaded guilty to two counts of involuntary manslaughter as amended from the aggravated murder charges; only one of the charges included three- and five-year firearm specifications. Cox was referred for a presentence-investigation and report and sentencing was scheduled for January 9, 2025.

{¶ 5} On December 30, 2024, Cox, pro se, filed a motion to withdraw his guilty plea. The motion provided:

> Defendant moves this court to allow me to withdraw plea agreement[.] I made a choice to accept a plea out of fear and anger. I wasn't thinking straight when I accepted time for something I shouldn't have. I feel it wasn't/is not professional for your lawyer to mention anything to anyone if it can possibly hurt you in court. One of my attorneys don't understand the meaning of "confidential" or more so [sic] "attorney client privilege." I thought he could do something that he can't so I took a plea. Now I know he can't I would like to withdraw plea and be appointed new representation to stand trial. I need new representation so I can feel comfortable and feel everything is going to be fair.

{¶ 6} On January 9, 2025, the trial court issued a journal entry providing that in lieu of the originally scheduled sentencing, the court was appointing new counsel for Cox and provided that Cox's motion to withdraw his guilty plea would be addressed with Cox's new counsel at a later date.

{¶ 7} On March 21, 2025, the State filed a brief in opposition to Cox's motion to withdraw his plea. The court held a hearing on the motion to withdraw on April 28, 2025, and denied Cox's motion. Cox was sentenced to 16 and a half years of prison and timely filed the instant appeal, presenting one assignment of error:

> The trial court committed prejudicial error that deprived appellant of a trial and due process of law as guaranteed by the Fourteenth

Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution by denying appellant's pre-sentence motion to withdraw his guilty plea.

**{¶ 8}** A presentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1 should be "freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). A defendant does not, however, have an absolute right to withdraw their plea, even if the motion is made prior to sentencing; the motion must demonstrate that the movant has "a reasonable and legitimate basis" for withdrawing the plea. *Id.* at paragraph one of the syllabus. Determining whether there is a reasonable and legitimate basis for the defendant's request to withdraw his plea is within the sound discretion of the trial court and must be affirmed unless an abuse of discretion is identified. *State v. Barnes*, 2022-Ohio-4486, ¶ 13, citing *Xie* at paragraph two of the syllabus. The "freely and liberally granted" standard has recently been emphasized by the Ohio Supreme Court, reiterating that the freely and liberally granted standard is "the presumption from which all other considerations must start." *Barnes* at ¶ 21. The Supreme Court also acknowledged the nine factors that appellate courts routinely use when determining whether the trial court abused its discretion regarding a motion to withdraw a guilty plea. *Barnes* at ¶ 15. The collection of all these factors resulted in nine factors, as provided:

(1) The accused is represented by highly competent counsel,

(2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea,

(3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and

(4) the record reveals that the court gave full and fair consideration to the plea-withdrawal request.

(5) whether the motion was made within a reasonable time,

(6) whether the motion sets out specific reasons for the withdrawal,

(7) whether the accused understood the nature of the charges and possible penalties,

(8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and

(9) whether the State would be prejudiced if the defendant were permitted to withdraw his guilty plea.

*Barnes* at ¶ 31-32 (Brunner, J., concurring), citing *State v. Peterseim*, 68 Ohio App.2d 211, 213-214 (8th Dist. 1980); *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist. 1995), *overruled on other grounds by State v. Sims*, 2017-Ohio-8379, ¶ 15 (1st Dist.).

{¶ 9} The *Barnes* Court ultimately found the nine-factor test inapplicable because the motion to withdraw therein was premised on previously unknown evidence. Despite citing the nine factors, the *Barnes* Court did not rely on them, but did not explicitly overrule their usage. *State v. Ranney*, 2025-Ohio-2396, ¶ 37 (11th Dist.), citing *id.* at ¶ 28 (Brunner, J., concurring) (writing separately that she would "discard the nine-factor analysis").

{¶ 10} Cox specifically contests factors (1) representation by competent counsel, (5) whether the motion was made in a reasonable time, and (9) whether the State would be prejudiced by permitting the withdrawal. After thoroughly reviewing record against the freely-and-liberally-granted presumption and the nine factors, we

cannot say that the trial court abused its discretion in denying Cox's motion to withdraw his plea.

{¶ 11} Regarding factor (1) — competent counsel — Cox points to his repeated and consistent dissatisfaction with counsel and directs us to his motion for new counsel, where he expressed concerns about coercion and distrust in his counsel; he complained that he had only met with his attorneys a few times in the 14 months that he had been incarcerated. We are unpersuaded that this factor weighs more in favor of allowing the plea withdrawal. The trial court engaged in a detailed and thorough conversation with Cox, after which Cox agreed to withdraw his letter and agreed that he did not have any lingering complaints about his counsel. Counsel, in defense, informed the court that he was surprised regarding the letter because on all occasions, he and Cox agreed that a plea deal without a life tail would be Cox's desired agreement. In his initial letter to the court, Cox expressed frustration that his attorneys were not coming back to him with the plea deal that he wanted. When Cox recieved the plea deal he desired, he communicated that he was satisfied with his counsel. In asking to withdraw his plea, Cox alluded to the same concerns from the letter that had already been addressed.

{¶ 12} Regarding factor (5) — timing — Cox notes that he filed his motion to withdraw less than one month after entering his plea. There is no dispute that this factor weighs in favor of Cox.

{¶ 13} Finally, regarding factor (9) — whether the State would be prejudiced by the withdrawal — Cox argues that there is no prejudice to the State. At the

hearing, the State opposed the motion, arguing that one of the State's proffered witnesses had already been sentenced and could recant their testimony.

{¶ 14} After a thorough review of the record, we do not find that the trial court erred in denying Cox's motion to withdraw his guilty plea. The record supports that there was no "reasonable and legitimate basis" for Cox's motion. Cox argues that he felt coerced and did not feel adequately represented. Unique to this case, however, all of these concerns were addressed in a prior hearing where both Cox and his attorneys spoke. There is affirmative evidence in the record Cox withdrew his concerns and expressed that he was satisfied with the representation he received after specifically addressing the concerns that he had about his counsel. Moreover, we are unpersuaded that the trial court's consideration of the nine factors were improperly weighed.

{¶ 15} For the aforementioned reasons, we overrule Cox's sole assignment of error.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY J. BOYLE, P.J., CONCURS (WITH SEPARATE OPINION)


MARY J. BOYLE, P.J., CONCURRING:

{¶ 17} I concur with the majority opinion.  I write separately to emphasize that I agree with Justice Brunner's concurring opinion in *Barnes* and believe that "[t]he nine-factor analysis should not overshadow the exercise of judicial discretion needed to analyze a presentence plea withdrawal in accordance with the basic principles established by *Xie* and Crim.R. 32.1."  *Id.* at ¶ 40 (Brunner, J., concurring).

{¶ 18} The Ohio Supreme Court decided *Xie* 30 years ago and, as Justice Brunner stated, the "nine-factor test" "has overshadowed the basic principles established by *Xie* and Crim.R. 32.1."  *Id.* at ¶ 38 (Brunner, J., concurring).  In *Xie*, the Ohio Supreme Court found that presentence motions to withdraw a guilty plea "should be freely and liberally granted."  *Id.* at 527.  "Freely and liberally granting the defendant's presentence motion to withdraw his guilty plea requires the trial court to exercise discretion in its judgment.  And that judgment should not be slighted by making a trial court essentially answer yes-or-no questions to come up with a weighted score for a matter that requires the court to engage in human

observation, reflection on accumulated experience, and discretion that only a trial court is in the position to exercise to reach a final judgment on the matter." *Barnes* at ¶ 41 (Brunner, J., concurring).

{¶ 19} Applying the basic principles established by *Xie* and Crim.R. 32.1 to this case, without weighing the nine factors, leads to the conclusion that Cox's presentence motion to withdraw his guilty plea was properly denied.

{¶ 20} Therefore, I concur with the majority opinion and offer the above additional suggestions for consideration.